In the

# United States Court of Appeals

For the Eleventh Circuit

---

No. 26-11695

---

In re: PHILIP MARTIN,
T.F. TANG,
YATIN KHANNA,
CHARLES BARATTA,
JASON RAPPAPORT, et al.,

*Petitioners.*

---

On Petition for Writ of Mandamus to the
United States District Court for the
Southern District of Florida
D.C. Docket No. 1:25-cv-22100-RAR

---

Before ROSENBAUM, BRANCH, and GRANT, Circuit Judges.

BY THE COURT:

Before this Court is a petition for a writ of mandamus in which Hyacinth Ahuruonye, Charles Baratta, Donald Douty, Yatin Khanna, Philip Martin, Jason Rappaport, T.F. Tang, and Thomas Viola (collectively "Plaintiffs") challenge an order that compels them to arbitrate their claims against Binance Holdings Limited, BAM Trading Services, and Changpeng Zhao (collectively "Defendants"). For the reasons stated below, we grant the petition and issue the writ.

Plaintiffs filed putative class action complaints against Defendants for violating the Racketeer Influenced and Corrupt Organizations Act ("RICO"), conversion, aiding and abetting conversion, the State of California's Unfair Competition Law, and the State of Massachusetts's Consumer Protection Act. Plaintiffs alleged that, after their cryptocurrency was stolen or defrauded by criminals, that property was obtained by Defendants and laundered by virtue of Defendants operating a cryptocurrency exchange ("Binance") as an unlicensed money transfer business without complying with the Bank Secrecy Act, related rules and implementing regulations, and state statutes.

Defendants moved to compel Plaintiffs to arbitrate. Defendants based their motion on an arbitration clause in Binance's Terms of Use agreement, which required the arbitration of "any dispute, claim, or controversy between you and Binance (and/or Binance Operators) arising in connection with or relating in any way" to its Terms of Use ("Terms"). Because Plaintiffs were not Binance

customers who had accepted the Terms, Defendants invoked the doctrine of collateral estoppel to compel arbitration.

The district court granted Defendants' motion. It determined that Plaintiffs' "claims clearly arise in connection with or related to the Terms" that Binance had a "right to suspend, freeze or cancel" accounts and to collect transaction fees. The district court reasoned that the "thrust" of the pleadings was that Defendants unlawfully profited from transactions involving the stolen and defrauded cryptocurrency.

"[A]rbitration is a matter of contract" and based on mutual consent. *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (quoting *Rent–A–Center, West, Inc. v. Jackson*, 561 U.S. 63, 67 (2010)). So individuals who do not sign an agreement containing an arbitration clause ordinarily cannot be compelled to "settle their dispute in an arbitral forum." *Lubin v. Starbucks Corp.*, 122 F.4th 1314, 1319 (11th Cir. 2024); *see Advanced Bodycare Sols., LLC v. Thione Int'l, Inc.*, 524 F.3d 1235, 1238 (11th Cir. 2008) ("a party . . . be compelled to arbitrate if he did not agree to do so"). But exceptions exist, including by invoking the doctrine of collateral estoppel. *See Kroma Makeup EU, LLC v. Boldface Licensing + Branding, Inc.*, 845 F.3d 1351, 1354 (11th Cir. 2017).

State law controls whether a signatory to an agreement containing an arbitration clause can equitably compel a nonsignatory to arbitrate a dispute. *See id.* The equitable estoppel doctrine operates to prevent a party from "claiming the benefits of some of the provisions of a contract while simultaneously

attempting to avoid the burdens that some other provisions of the contract impose." *Lubin*, 122 F.4th at 1321. Because the district court and the parties relied on Florida law, this Court "assume[s] that that law applies." *Bahamas Sales Assoc., LLC v. Byers*, 701 F.3d 1335, 1342 (11th Cir. 2012).

Under Florida law, when an arbitration clause is worded broadly like the provision in this case, the clause applies to claims that have a "significant relationship" to the agreement. *Jackson v. Shakespeare Found., Inc.*, 108 So. 3d 587, 593 (Fla. 2013). A significant relationship exists if the "claim presents circumstances in which the resolution of the disputed issue requires either reference to, or construction of, a portion of the contract." *Id.* "In contrast, a claim does not have a nexus to a contract if it pertains to the breach of a duty otherwise imposed by law or in recognition of public policy, such as a duty under the general common law owed not only to the contracting parties but also to third parties and the public." *Id.*

Plaintiffs' claims lack a significant relationship to the Terms. *See id.* The district court determined that Plaintiffs' claims related to the Terms that gave Binance a "right to suspend, freeze or cancel" accounts and to collect fees. But those contractual rights do not relate to Plaintiffs' claims. Plaintiffs' claims involved Defendants disregarding duties under federal and state law to screen for and detect financial crimes.

That the Plaintiffs described and discussed Binance's transaction fees did not alter the relationship between the claims

and the Terms. Plaintiffs' claims are grounded legally in Defendants' violations of federal and state laws. Plaintiffs mention the fees "only because [they are] factually significant," *Lawson v. Life of the S. Ins. Co.*, 648 F.3d 1166, 1173 (11th Cir. 2011), to explain why the Defendants disregarded their legal obligations. As Plaintiffs state, Defendants "willfully violated these important U.S. laws and regulations in order to maximize fees and gain market share" and to grow the business to the "largest cryptocurrency exchange in the world."

The district court misread the complaints. It found that the "thrust" of Plaintiffs' allegations involved Defendants' collection of fees. But Plaintiffs alleged that Defendants failed as a money transfer business to detect criminal activity due to their noncompliance with practices and processes in the Bank Secrecy Act, related regulations, and state consumer protection laws. Because Plaintiffs' claims relate to the violations of "dut[ies] otherwise imposed by law or in recognition of public policy, " they lack a significant relationship to the Terms. *See Jackson*, 108 So. 3d at 593.

A writ of mandamus is a "drastic and extraordinary remedy" reserved for confining a court "to a lawful exercise of its prescribed jurisdiction." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380 (2004). This Court "issue[s] the writ only in drastic situations, when no other adequate means are available to remedy a clear usurpation of power or abuse of discretion." *In re Temple*, 851 F.2d 1269, 1271 (11th Cir. 1988). A petitioner is entitled to the writ only

if: (1) it has "no other adequate means to attain the relief it desires"; (2) it has a "clear and indisputable . . . right to issuance of the writ"; and (3) the issuing court determines, in the exercise of its discretion, that the writ is appropriate under the circumstances. *Cheney*, 542 U.S. at 380–81.

Plaintiffs have a "clear and indisputable . . . right to issuance of the writ." *See Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380 (2004). The district court disregarded that Plaintiffs complain of violations of the Bank Secrecy Act, its implementing regulations, and state laws. *See First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 948 (1995). Plaintiffs' claims "pertain[] to the breach of a duty otherwise imposed by law or in recognition of public policy" and "require[] [n]either reference to, or construction of, a portion of" the Terms. *See Jackson*, 108 So. 3d at 593. Because no significant relationship exists between Plaintiffs' complaints and the Terms, the district court erred by relying on equitable estoppel to compel them to arbitrate.

Plaintiffs lack alternative means to "attain the relief . . . desire[d]." *See Cheney*, 542 U.S. at 381. Plaintiffs cannot appeal the decision to compel them to arbitrate, *see* 9 U.S.C. § 16(b)(3), and the district court's repeated rulings in Defendants' favor evidences that a request to certify the matter for interlocutory review would be futile. And Plaintiffs submit evidence about claims they will forfeit in the foreign arbitration proceeding and of unreasonable costs.

Issuance of the writ also is appropriate. *See Cheney*, 542 U.S. at 381. Defendants should not be allowed to force nonsignatory Plaintiffs to arbitrate claims that lack a significant relationship to the Terms. *See Jackson*, 108 So. 3d at 593. Defendants cannot use equitable estoppel "to alter and expand an arbitration clause that would not otherwise cover the claims asserted." *See Kroma*, 845 F.3d at 1354.

Accordingly, the petition for the writ of mandamus is GRANTED and the district court is DIRECTED to VACATE its order compelling Plaintiffs to arbitrate.